HOPE MUTUAL LIFE INSURANCE COMPANY *vs.* OZIAS G. CHAPMAN.

In an action by a foreign insurance company on a promissory note, the validity of which is denied by the defendant on the ground that it was without consideration, because it was given for a premium of insurance on a policy issued by the plaintiffs without having complied with the laws of the Commonwealth, the defendant cannot, in order to prove such want of consideration, introduce the admissions of the plaintiffs, or other oral evidence of the contents of the policy, without first proving the loss or destruction of the policy; and if he offers such evidence, and, on its rejection by the court, submits to a verdict for the plaintiff, he cannot maintain a bill of exceptions by showing such noncompliance of the plaintiffs with the laws of the Commonwealth.

ACTION OF CONTRACT by a foreign mutual life insurance company on a promissory note payable to them or order. Answer,

that the note was given for a premium of insurance for life on a policy issued by the plaintiffs on the 30th of May 1851, on an application made through A. H. Wildes, an agent of the plaintiffs; that the plaintiffs had not complied with the requirements of Rev. Sts. *c.* 37, §§ 40, 43; *Sts.* 1847, *c.* 273, §§ 1, 3; 1851, *c.* 331; and therefore the note was without consideration and void. Trial in the court of common pleas before *Perkins,* J., who signed the following bill of exceptions:

" For the purpose of maintaining his defence, the defendant introduced the state treasurer, who testified that in 1849 a statement, which he produced, and also a copy of the charter and by-laws of said Hope Insurance Company, and also a certificate of agency issued to A. H. Wildes, dated 1849, were filed in the office of the treasurer; and that he finds no other statements of said company on file in his office.

" The defendant also offered interrogatories and answers of the plaintiffs thereto, in which the plaintiffs state that the note in suit was given for a premium upon a policy of insurance issued by the plaintiffs to the defendant.

" The plaintiffs object to this mode of proving the consideration of the note, and to the answers, as stating the contents of the policy, without the production of said policy; and also objected to the defendant's going into any other parol evidence of the contents of the policy. And the court ruled that the defendant could not go into parol evidence of the contents of the policy, which was in his own hands, until a foundation was laid by showing its loss or destruction. And thereupon the defendant submitted to the verdict for the plaintiffs. To this ruling the defendant excepted."

*E. K. Buttrick,* for the defendant.

*A. A. Ranney,* for the plaintiffs.

BIGELOW, J. The defendant, in endeavoring to make out his defence to the plaintiffs' claim, sought to prove the contents of the policy of insurance in his own possession by the evidence of one of the officers of the company, contained in answers filed to interrogatories proposed by the defendant. This was a clear violation of the familiar principle of law, excluding parol

evidence of the contents of a written paper; and the rejection of the evidence was correct. This seems, by the bill of exceptions, to have been the only point to which the ruling of the judge applied. The defendant deemed evidence of the contents of the policy material to his case, and, having failed to prove them by competent proof, submitted to a verdict, without seeking to maintain his defence by other or further proof. Having seen fit to put his case upon the ruling of the court on this single point, we cannot undertake to consider the validity of other objections, as to which no rulings were made. Nor can we undertake to inquire as to the relevancy and materiality of the evidence which he offered, and which was rejected by the court. The defendant having offered evidence on a particular point, which he deemed material to his case, which the court rightly rejected, and having thereupon abandoned his case and yielded to a verdict, cannot now ask this court to say that the evidence offered by himself was immaterial.    *Exceptions overruled.*